IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD FOSTER | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. WDQ-10-538 |
| CLIFTON GREGORY POPE | * | |
| GEICO CAUSALTY COMPANY | | |
| Defendants. | * | |
| | *** | |

MEMORANDUM

Ronald Foster ("Foster"), a resident of Baltimore, Maryland, filed this negligence action for injuries he sustained when on July 13, 2007, an automobile driven by Defendant Pope, also a Baltimore resident, struck him. Paper No. 1. Foster claims that Pope negligently operated the vehicle by failing to maintain "lookout," "management and control," and "speed." He alleges that he sustained injury to his lower lumbar spine, back and shoulder, and the bicycle he was riding was "totaled beyond repairs." Foster has also sued Pope's insurer, Geico Casualty Company. Foster has moved to proceed *in forma pauperis.*

Because he appears indigent, Foster's Motion to Proceed *In Forma Pauperis* shall be granted. For reasons to follow, however, the Complaint shall be summarily dismissed. The Complaint is captioned to be filed in the "State of Maryland, District Court for Baltimore City," not this court. The state court would have been the appropriate forum to file this action, as this Court lacks subject matter jurisdiction over Foster's claim. This is a court of limited jurisdiction. It does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It only has authority to review such claims filed pursuant to a federal district court's diversity of citizenship jurisdiction.

When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See*

*Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other."  *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).  According to the Complaint there is not complete diversity as Foster and Pope both reside in --and may be citizens of-- Baltimore, Maryland.  Foster's allegations cannot meet federal diversity requirements.  Accordingly, the case will be dismissed.


Date:  <u>March 11, 2010</u>                         <u>          /s/                         </u>
                                                      William D. Quarles, Jr.
                                                      United States District Judge